IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Criminal Case No. 07–cr–00172–EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

20. TERESA MOSLEY,

    Defendant.

# ORDER

This is a criminal case in which the Government alleges various defendants engaged in a broad conspiracy to distribute controlled substances. Much of the salient evidence against the defendants was gathered through the use of wiretaps authorized by judges sitting in this district. This matter comes before the court on Defendant Teresa Mosley's "Motion to Suppress Electronic Surveillance Evidence," filed October 1, 2007.

The factual background and legal standards governing this case have been extensively set forth in my prior orders concerning suppression motions filed by other defendants. (*See, e.g.*, Order and Mem. of Decision [filed Dec. 21, 2007] [hereinafter "Harris Order"].) Familiarity therewith is assumed.

On October 1, 2007, Defendant Mosley filed the instant motion to suppress based on the Government's failure to show probable cause and necessity for the wiretaps on which her

communications were intercepted. (Mot. to Suppress Elec. Surveillance Evid. [filed Oct. 1, 2007] [hereinafter "Def.'s Br."].) A number of other Defendants joined the motion ("Defendant Joiners"). On October 22, 2007, the Government responded to Defendant Mosley's motion. (Gov't's Consolidated Resp. to Defs.' Request for Suppression of Wiretap Evid. [filed Oct. 22, 2007] [hereinafter "Gov't's Resp."].) No reply brief has been filed.

Defendant Mosley argues only that the Government's probable cause and necessity showings were insufficient *as to her in particular*. (*See* Def.'s Br. at 11–13.) The Government asserts that no such showing was required because Defendant Mosley was not the main target of the investigation and was not the primary user of the tapped telephones on which she was intercepted. (Gov't's Resp. at 38–39.)

Since filing the instant motion, Defendant Mosley entered into a plea agreement. (*See* Rule 11[c][1][B] 5K1.1 Plea Agreement, Cooperation Agreement and Stip. of Facts [filed Dec. 14, 2007].) Thus, I find that Defendant Mosley's motion to suppress is moot. Moreover, because Defendant Mosley argued that the Government's probable cause and necessity showings were insufficient only *as to her*, I find that the issues raised in her motion are particular to her and that any ruling thereupon would have no impact, positive or negative, on Defendant Joiners.[1]

---

[1]Even if the issues raised in Defendant Mosley's motion are not moot, her arguments are unavailing. The Government is correct that Defendant Mosley was neither the main target of its investigation nor the primary user of any telephone it sought to tap in this case. (*See* Gov't's Resp., Attach. 1 at 1–6955 [Wiretap Apps. and Orders].) Thus, as I have previously determined, the Government need not to have shown probable cause or necessity *as to Defendant Mosley* in its applications to tap telephones used in furtherance of the targeted drug distribution conspiracy. (*See* Harris Order at 17–20 [discussing the issue more fully].)

Based on the foregoing, it is therefore ORDERED that Defendant Mosley's motion to suppress the fruit of certain wiretaps (#619) is DENIED with respect to Defendant Mosley and all Defendant Joiners.

Dated this 22nd day of April, 2008.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge